TUCKER ELLIS LLP
Michael C. Zellers - SBN 146904
michael.zellers@tuckerellis.com
Aggie B. Lee - SBN 228332
aggie.lee@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
JOHNSON & JOHNSON and
ETHICON US, LLC

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DARYL LEV and ELIZABETH LEV,

Plaintiffs,

v.

JOHNSON & JOHNSON, a corporation; ETHICON US, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Defendants.

Case No.

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS JOHNSON & JOHNSON AND ETHICON US, LLC**

[Filed concurrently with Declaration of Aggie B. Lee]

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson and Ethicon US, LLC (collectively “Removing Defendants”) remove this action styled *Daryl Lev and Elizabeth Lev v. Johnson & Johnson, Ethicon US, LLC, and Does 1-100*, from the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California, Western Division.

As explained below, the United States District Court for the Central District of California, Western Division, has original subject matter jurisdiction of this civil action

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

pursuant to 28 U.S.C. § 1332(a) and 1441 *et seq.* because complete diversity exists between Plaintiffs and all properly joined Defendants and it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I. THE STATE COURT ACTION**

1. On or about March 8, 2018, Daryl Lev and Elizabeth Lev (collectively "Plaintiffs"), residents and citizens of the State of California, filed a Complaint in the Superior Court of the State of California, County of Ventura, entitled *Daryl Lev and Elizabeth Lev v. Johnson & Johnson, Ethicon US, LLC, and Does 1-100*, Case No. 56-2018-00508935-CU-PL-VTA. *See* Complaint ("Compl."), attached as Exhibit A to the Declaration of Aggie B. Lee. The Complaint names two non-resident defendants – Johnson & Johnson and Ethicon US, LLC – and one hundred fictitious "Doe" defendants. *Id.* at ¶¶ 3-4.

2. In their Complaint, Plaintiffs allege that Mr. Lev was implanted with the "Ethicon Ultra Pro Hernia Mesh System" during a hernia surgery on May 5, 2011. *Id.* at ¶ 13. They contend that this product was designed, manufactured, marketed, sold, and distributed by Defendants. *Id.* at ¶¶ 7-11.

3. Plaintiffs claim that as a result of the implantation of the Ethicon Ultra Pro Hernia Mesh System, Mr. Lev has suffered "severe pain and permanent injuries," has been "required to obtain substantial medical, surgical, psychological and other services and expenses," and "has incurred, and will continue to incur, substantial loss of earnings, employment benefits, and/or financial support, as well as substantial future earnings, employment benefits, and/or financial support." *Id.* at ¶¶ 27-28.

4. Mrs. Lev also claims that she has suffered "the loss and deprivation of the love, companionship, comfort, society, solace, and moral support of" Mr. Lev, as well as the "loss of assistance and support in the operation of and maintenance of their home, and the loss of the enjoyment of the spousal and sexual relations with his/her spouse." *Id.* at ¶ 29.

5. Based on the foregoing, Plaintiffs assert claims of negligence, strict liability, and breach of express and implied warranties against Defendants. *Id*. at ¶¶ 19-47. They seek general non-economic damages, special economic damages, loss-of-consortium damages, and "such other relief as the Court may deem proper." *Id*. at Prayer For Relief ¶¶ 1-3, 6.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).**

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A. The Amount in Controversy Requirement is Satisfied.**

7. In cases where, as here, the plaintiffs seek to recover actual damages for personal injury, California law prohibits the plaintiffs from demanding a specific dollar amount of damages. *See* Cal. C. C. P. § 425.10(b). In such instances, the federal removal statutes permit Removing Defendants to assert the amount in controversy in the instant Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

9. The Removing Defendants bear the burden of showing that the amount in controversy requirement is satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. Thus 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal Court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).



TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

F.3d 373, 376 (9th Cir. 1997). However, the Removing Defendants need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).[2]

10. When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). The court may also consider damages awards in factually similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

11. Here, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer*, 116 F.3d at 377. This is an action for personal injuries allegedly caused by the surgical implantation of Defendants' hernia mesh product into Mr. Lev's body. Compl. ¶ 13. Plaintiffs' Complaint asserts three causes of action against Defendants under theories of negligence, strict liability, and breach of express and implied warranties, and loss of consortium. *Id.* at ¶¶ 19-47.

12. Plaintiffs allege that Mr. Lev has suffered "severe pain and permanent injuries" and has been "required to obtain substantial medical, surgical, psychological and other services and expenses" as a result of the implantation of Defendant's product. *Id.* at ¶¶ 27-28. More specifically, Plaintiffs contend that Mr. Lev has needed three

[2] In the event a defendant's amount-in-controversy requirement is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of the evidence shows that the amount in controversy requirement is met. *See Dart Cherokee*, *Id.* at 554; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *accord Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action *sua sponte* based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same).

additional surgeries to repair his recurrent hernia and to eliminate as much of the mesh and scar tissue as possible. *Id.* at ¶¶ 14, 17. Plaintiffs also allege that Mr. Lev "has incurred, and will continue to incur, substantial loss of earnings, employment benefits, and/or financial support, as well as substantial future earnings, employment benefits, and/or financial support." *Id.* at ¶ 28. They further claim that Mrs. Lev has suffered "the loss and deprivation of the love, companionship, comfort, society, solace, and moral support of" Mr. Lev, as well as the "loss of assistance and support in the operation of and maintenance of their home, and the loss of the enjoyment of the spousal and sexual relations with his/her spouse." *Id.* at ¶ 29. Plaintiffs seek both general non-economic damages and special economic damages, as well as loss-of-consortium damages. *Id.* at Prayer For Relief ¶¶ 1-3.

13. Recent pharmaceutical products liability suits in California demonstrate that the amount in controversy requirement is readily met in suits like this one, even when only compensatory damages are considered. *See Perry v. Luu*, No. S-1500-CV-279123, 2015 WL 13309363 (Cal. Super. Mar. 5, 2015) (entering judgment on jury verdict of $700,000 in compensatory damages for plaintiff who suffered various injuries, including painful intercourse, difficulty voiding urine, continued incontinence, scarring, and infection as a result of her implantation with a vaginal mesh medical device); *Georges v. Novartis Pharmaceuticals Corp.*, No. 2:06-cv-05207-SJO-VBK, 2013 WL 3148695 (C.D. Cal. Apr. 24, 2013) (jury verdict of $2,162,000 in compensatory damages for plaintiff who developed osteonecrosis of the jaw, requiring multiple jaw surgeries, after taking the defendant's prescription bisphosphonate drug during cancer recovery). These verdicts, rendered in products liability cases involving claims and alleged injuries similar to this one, demonstrate that it is more likely than not that the amount in controversy here exceeds $75,000. *See Kroske*, 432 F.3d at 980 (holding that the district court properly considered damages awards in similar cases to find that the amount in controversy requirement was satisfied).

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

14. In addition, many courts, including this Court, have held that allegations similar to those made by Plaintiffs facially satisfy the amount in controversy requirement. *See, e.g., See Hammarland v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (denying remand in hernia-mesh case and citing other cases "involving severe injuries, especially those requiring surgery," where "courts have found it facially apparent from the complaint that the amount in controversy was satisfied"); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2954, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

15. In short, considering the nature of the injuries Plaintiffs allege, it is clear that the amount-in-controversy requirement of $75,000, exclusive of interest and costs, is met.

**B. Complete Diversity Exists Between Plaintiffs And All Properly Joined Defendants.**

16. None of the properly named and joined Defendants is a citizen of the same state as Plaintiffs. Complete diversity therefore exists under 28 U.S.C. § 1332(a).

17. Plaintiffs Daryl Lev and Elizabeth Lev were citizens of the State of California at the time of the filing of their Complaint and at the time of the filing of this Notice of Removal. Compl. ¶ 1.

18. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey.

19. Defendant Ethicon US, LLC is a limited liability company organized under the laws of the State of Texas. A limited liability company "is a citizen of every state of which its owners/members are citizens." *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Ethicon US, LLC is Ethicon Endo-Surgery, Inc. For the purpose of determining its citizenship under 28 U.S.C.

§ 1332(c)(1), Ethicon Endo-Surgery, Inc. is a citizen of the State of Ohio because it is incorporated in the State of Ohio and has its principal place of business in Cincinnati, Ohio. Thus, Ethicon US, LLC, is also a citizen of the State of Ohio for purposes of determining its citizenship under 28 U.S.C. § 1332. *See Johnson*, 437 F.3d at 899.

20. The citizenships of any Doe Defendant(s) are not considered for the purposes of determining diversity jurisdiction, *see* Compl. ¶¶ 3-4, as they are fictitious Defendants. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Moreover, Plaintiffs have not identified any Doe Defendants "with sufficient particularity to provide a clue as to their actual identity." *See Sandoval v. Repub. Servs., Inc.*, No. 2:18-cv-01224-ODW(KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (considering the citizenship of a defendant identified only as "Chris Doe," where the complaint particularly described the defendant's proper first name, place of employment, and dates of employment); *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (considering the citizenship of "Defendant Doe 1," where the complaint identified the specific store where the defendant was employed as a pharmacist and specified a particular date on which she was employed by the named defendant). Accordingly, the citizenship of the fictitious Doe Defendant(s) are not required to be considered for the purposes of determining if complete diversity exists. *See Soliman, supra*.

## III. DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

21. The Superior Court of the State of California, County of Ventura, is located within the Central District of California, Western Division, *see* 28 U.S.C. § 84(c)(2), and



TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

venue for this case is proper in this Court under 28 U.S.C. § 1446(a) because the Central District of California, Western Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Removing Defendants are attached as Collective Exhibit B to the Declaration of Aggie B. Lee.

23. Removing Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court for the State of California, County of Ventura as required by 28 U.S.C. § 1446(d).

24. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

25. Defendant Johnson & Johnson received a copy of the complaint and summons on September 4, 2018.

26. Defendant Ethicon US, LLC received a copy of the complaint and summons on September 4, 2018.

27. Removal is timely as this Notice was filed within 30 days of the receipt of the initial pleadings and summons by each one of the Removing Defendants. *See* 28 U.S.C. § 1446(b)(2)(B).

28. No previous application has been made for the relief requested herein.

29. By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

WHEREFORE, Defendants Johnson & Johnson and Ethicon US, LLC, give notice that the matter bearing the case number 56-2018-00508935-CU-PL-VTA currently

pending in the Superior Court of the State of California, County of Ventura, is removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*.

DATED: September 28, 2018

Tucker Ellis LLP

By: */s/ Aggie B. Lee*
Michael C. Zellers
Aggie B. Lee
Attorneys for Defendants
JOHNSON & JOHNSON and
ETHICON US, LLC

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis